UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------X

ANDREY BROWN and JAMAL KIRNON,

                                 Plaintiffs,

      -against-

THE CITY OF NEW YORK and P.O. ROBERT AMATY,
Shield No. 5637, Individually and in his Official Capacity and
P.O.s "JOHN DOE" #1-10, Individually and in their Official
Capacities, (the name John Doe being fictitious, as the true names
are presently unknown),

                                Defendants.

------------------------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ AUG 31 2010 ★

BROOKLYN OFFICE

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

**10   3974**

**GERSHON, J**

**J. ORENSTEIN, M.J.**

       Plaintiffs, ANDREY BROWN and JAMAL KIRNON, by their attorneys, Cohen & Fitch

LLP, complaining of the defendants, respectfully allege as follows:

### PRELIMINARY STATEMENT

      1.     Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights,

as said rights are secured by said statutes and the Constitutions of the State of New York and the

United States.

### JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

      4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C.

§ 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff ANDREY BROWN is an African-American male and at all relevant times a resident of the City and State of New York.

7.      Plaintiff JAMAL KIRNON is an African-American male and at all relevant times a resident of the City and State of New York.

8.      Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

10.     At all times hereinafter mentioned, the individually named defendant P.O. ROBERT AMATY and the defendants P.O.s "JOHN DOE" #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.     At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants

while acting within the scope of their employment by defendant, City of New York.

13.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, City of New York.

## FACTS

14.     On or about June 9, 2010, at approximately 10:30 p.m., plaintiffs ANDREY BROWN and JAMAL KIRNON were lawfully present in front of 456 Richmond Terrace, Richmond County, State of New York.

15.     At the aforementioned time and place, plaintiffs were playing spades, a non-gambling card game, with some friends when they were suddenly accosted by defendant police officers.

16.     Defendant officers commanded plaintiffs to stand up and step away, to which plaintiffs complied immediately.

17.     Thereafter, defendant officers handcuffed plaintiffs' and searched them, which did not result in their recovery of any illegal contraband or evidence of any crime or violation of the law.

18.     Plaintiffs were then taken to the 120th precinct, and plaintiff ANDREY BROWN was subjected to two (2) additional invasive strip searches.

19.     At no time did defendant officers possess the requisite probable or reasonable cause to effectuate the aforementioned strip searches on plaintiff ANDREY BROWN.

20.     Notwithstanding the lack of any evidence of wrongdoing, defendants charged plaintiffs with Disorderly Conduct and Loitering.

21.     At no time on June 9, 2010, had plaintiffs acted disorderly, loitered, or acted unlawfully in any way.

22.     As a result of his unlawful arrest, plaintiff ANDREY BROWN spent approximately twenty-four (24) hours in police custody before the District Attorney's Office declined to prosecute

his case.

23.     As a result of his unlawful arrest, plaintiff JAMAL KIRNON spent approximately

four (4) days in police custody before the District Attorney's Office declined to prosecute his case.

24.     As a result of the foregoing, plaintiffs ANDREY BROWN and JAMAL KIRNON

sustained, *inter alia*, loss of liberty, emotional distress, mental anguish, shock, fright, apprehension,

embarrassment and humiliation, and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

25.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26.     All of the aforementioned acts of defendants, their agents, servants and employees

were carried out under the color of law.

27.     All of the aforementioned acts deprived plaintiffs ANDREY BROWN and JAMAL

KIRNON of the rights, privileges and immunities guaranteed to citizens of the United States by the

Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in

violation of 42 U.S.C. §1983.

28.     The acts complained of were carried out by the aforementioned individual defendants

in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

29.     The acts complained of were carried out by the aforementioned individual defendants

in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules

of the City of New York and the New York City Police Department, all under the supervision of

ranking officers of said department.

30.     Defendants, collectively and individually, while acting under color of state law,

engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her

respective municipality/authority, which is forbidden by the Constitution of the United States.

31.     As a result of the foregoing, plaintiffs ANDREY BROWN and JAMAL KIRNON sustained, *inter alia*, loss of liberty, emotional distress, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of their constitutional rights.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

32.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     As a result of defendants' aforementioned conduct, plaintiffs ANDREY BROWN and JAMAL KIRNON were subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

34.     As a result of the foregoing, plaintiffs' liberty were restricted for an extended period of time, and they were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL AND UNREASONABLE SEARCH UNDER 42 U.S.C. § 1983

35.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.     As a result of the forgoing plaintiff ANDREY BROWN was subjected to two (2) unreasonable strip searches in violation of his due process rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

37.     As a result of the aforesaid conduct by defendants, plaintiff's person and possessions were illegally, improperly, and unreasonably searched without a valid warrant, probable cause, privilege, or consent in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

## FOURTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

38.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

40.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

> i.  arresting individuals regardless of probable cause in order to inflate arrest statistics;
>
> ii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and
>
> iii. conducting intrusive strip searches of arrested individuals regardless of particularized suspicion.

41.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constitute deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

42.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

43.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

44.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

45. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs ANDREY BROWN and JAMAL KIRNON's constitutional rights.

46. The acts complained of deprived plaintiffs of their rights:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from seizure and arrest not based upon probable cause;

    C.    To be free from unlawful search;

    D.    Not to have summary punishment imposed upon them; and

    E.    To receive equal protection under the law.

47. As a result of the foregoing, plaintiffs ANDREY BROWN and JAMAL KIRNON are entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and are further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

## PENDANT STATE CLAIMS

48. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. On or about July 20, 2010, and within (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

50. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

51. Upon information and belief, defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and said Hearing is scheduled for to be determined by the CITY.

52. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

53. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

54. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

**FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**ASSAULT**

55. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Defendants' aforementioned actions placed plaintiffs in apprehension of imminent harmful and offensive bodily contact.

57. As a result of defendants' conduct, plaintiffs have suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

**SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**BATTERY**

58. Plaintiff repeat, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Defendant police officers touched plaintiffs in a harmful and offensive manner.

60. Defendant police officers did so without privilege or consent from plaintiffs.

61. As a result of defendants' conduct, plaintiffs have suffered mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

## THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE ARREST

62.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     Defendant police officers arrested plaintiffs ANDREY BROWN and JAMAL KIRNON in the absence of probable cause and without warrants.

64.     As a result of the aforesaid conduct by defendants, plaintiffs ANDREY BROWN and JAMAL KIRNON were subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined and incarcerated. The aforesaid actions by the defendants constituted a deprivation of plaintiffs' rights.

## FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE IMPRISONMENT

65.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     As a result of the foregoing, plaintiffs ANDREY BROWN and JAMAL KIRNON were falsely imprisoned, were deprived of their liberty for an extended period of time, were put in fear for their safety and were humiliated and subjected to handcuffing and other physical restraints.

67.     Plaintiffs were conscious of said confinement and did not consent to same.

68.     The plaintiffs' confinements were without probable cause and were not otherwise privileged.

69.     As a result of the aforementioned conduct, plaintiffs suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

70.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

72.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

73.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

74.     The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiffs.

75.     As a result of the aforementioned conduct, plaintiffs suffered severe emotional distress and mental injury together with embarrassment, humiliation, shock, fright and loss of freedom.

## SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

76.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of said its Police Department, including the defendants individually named above.

78. Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

79. Due to the negligence of the defendants as set forth above, plaintiffs suffered mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

80. By reason of the aforesaid conduct by defendants, plaintiffs ANDREY BROWN and JAMAL KIRNON request the following relief:

   A. Compensatory damages in the amount of one million dollars ($1,000,000);

   B. Punitive damages in the amount of one million dollars ($1,000,000.00);

   C. An award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements; and

   D. Any further relief as the Court may find just and proper.

**WHEREFORE**, plaintiffs ANDREY BROWN and JAMAL KIRNON demand judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       August 26, 2010

BY: _____
GERALD M. COHEN (GC-0914)
COHEN & FITCH LLP
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 374-9115